UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| ROSEANNE DIETZ, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 7:12-cv-00509 |
| | ) | |
| MCADAMS-NORMAN PROPERTY, II, LLC, | ) | |
| MCADAMS-NORMAN PROPERTIES, | ) | |
| NORCOM DEVELOPMENT, INC. | ) | |
| AND | ) | |
| NORCOM PROPERTIES | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM IN SUPPORT OF MOTION TO QUASH
### SERVICE OF PROCESS AND TO DISMISS

COMES NOW, McAdams-Norman Properties II, LLC, by counsel, and pursuant to its special appearance files this Memorandum in Support of its Motion to Quash Service of Process and to Dismiss as follows:

### STATEMENT OF FACTS

On December 22, 2011, the Plaintiff filed her Complaint in the Circuit Court for Roanoke County naming as Defendants McAdams-Norman Property II, LLC, McAdams Norman Properties, Norcom Development, Inc. and Norcom Properties.

Norcom Development, Inc. and Norcom Properties removed the case based on diversity jurisdiction by Notice of Removal filed on October 23, 2012.[1]

On November 19, 2012, Thomas E. Norman received by certified mail a package from the Secretary of the Commonwealth of Virginia that contained a Notice of Service of Process,

---

[1] Norcom Properties is a mere trade name of Norcom Development, Inc. and not a separate legal entity.

along with an Affidavit for Service of Process through the Secretary of the Commonwealth, a Summons, and a copy of the state court Complaint. (See Affidavit of Thomas E. Norman "Norman Affidavit" attached hereto as Exhibit **1**).[2] The Notice of Service of Process was directed to "McAdams Norman Property (Properties), II, LLC" c/o Thomas E. Norman, Registered Agent. (See Exhibit **A** to Norman Affidavit). The Summons accompanying the Notice was directed to "McAdams-Norman Prop., II, LLC, Thomas E. Norman, Registered Agent." The Complaint accompanying the Summons names "McAdams-Norman Property, II, LLC" and "McAdams Norman Properties" as Defendants. (See Exhibit **A** to Norman Affidavit).

Thomas E. Norman is Registered Agent for the Movant, McAdams-Norman Properties II, LLC. (Norman Affidavit, Par. 3). That entity, however, is not named in the Notice of Service of Process from the Secretary of the Commonwealth, nor is it named in the Summons or the Complaint.

Although similarly named entities appear in each of those pleadings, no such entities exist, and Thomas E. Norman is not the Registered Agent of any such entities. (Norman Affidavit Pars. 5 and 6).

McAdams-Norman Properties II, LLC has moved to quash the process served on its Registered Agent and to dismiss the Complaint because it is not named in the Notice of Service of Process, the Summons, or the Complaint and the similarly named entities named in the pleadings do not exist.

---

[2] Affidavits and other materials outside the pleadings may be submitted and considered on a motion to dismiss based on insufficient process. <u>Transylvania County v. Lincoln General Insurance</u>, 2005 U.S.Dist. LEXIS 44472*4 (W.D. N.C. Sept. 29, 2005).

## ARGUMENT

**The Process Served On Thomas E. Norman As Registered Agent Should Be Quashed And The Complaint Should Be Dismissed As To The Named Non-Existing Entities.**

Rules 12(b)(4) and (5) of the Federal Rules of Civil Procedure provide that defenses to insufficiency of process and insufficiency of service of process, respectively, may be made by motion. Process directed to a non-existing entity is void and challengeable under Rules 12(b)(4) or 12(b)(5). International Fire and Safety, Inc. v. HC Services, Inc., 2006 U. S. Dist. LEXIS 58629 *2 (S. D. Miss. Aug. 18, 2006).

When service is made on a Registered Agent or officer of an existing entity, but a non-existing entity is named in the Summons and the Complaint, the service should be quashed and the Complaint should be dismissed as to those entities who are improperly named in the Complaint and the accompanying Summons. See Sweeney v. Greenwood Index-Journal Co., 37 F. Supp. 484 (W.D.S.C. 1941) (quashing service and dismissing a complaint where a corporate officer of an existing, but unnamed entity, was served while the summons and complaint named a non-existing corporation as defendant). A corporation has the right to be accurately named in the process and pleadings and a misnomer can be raised by a motion to dismiss. United States v. A.H. Fisher Lumber Co. v. A.H. Fischer Co., Inc., 162 F.2d 872-873 (4th Cir. 1947). [3]

In the present case, no proper service has been made, because Thomas E. Norman is not the Registered Agent of either of the named Defendants, McAdams-Norman Property, II, LLC or McAdams Norman Properties. Nor is he the Registered Agent of the entity named in the Notice

---

[3] Under the facts of A.H. Fischer Co., Inc., 162 F. 2d 872, 873 (4th Cir. 1947) the Fourth Circuit disregarded Sweeney, and found error in the District Court's refusal to grant Plaintiff leave to amend a misnomer. No motion for leave to amend is before the Court here. And, if such amendment is attempted or allowed, the movant reserves the right to contest any relation back pursuant to Rule 15(c).

3

of Service of Process as "McAdams Norman Property (Properties), II, LLC" or the entity named in the Summons - "McAdams-Norman Prop., II, LLC". Accordingly, the service of process on Thomas E. Norman, who is not Registered Agent for any of those named entities, should be quashed. Although Thomas E. Norman is the Registered Agent of the Movant, a limited liability company named "McAdams-Norman Properties, II, LLC," this entity is not named as a Defendant in the Complaint, nor in the Notice of Service of Process or the Summons served on Thomas E. Norman. Such service of process under the circumstances is ineffective to extend personal jurisdiction over McAdams-Norman Properties, II, LLC and the process should be quashed.

## CONCLUSION

For the foregoing reasons, Movant, specially appearing, requests that the Court quash the Service of Process on its Registered Agent and dismiss the Complaint as to those named, non-existing Defendants, McAdams-Norman Property, II, LLC and McAdams Norman Properties.

MCADAMS-NORMAN PROPERTIES II, LLC

By: s/Robert A. Ziogas
Of Counsel

Robert A. Ziogas (VSB # 24964)
E-mail: rziogas@gfdg.com
Paul G. Beers (VSB # 26725)
E-mail: pbeers@gfdg.com
Glenn, Feldmann, Darby & Goodlatte
37 Campbell Avenue
P. O. Box 2887
Roanoke, Virginia 24001-2887
Telephone: (540) 224-8000
Facsimile: (540) 224-8050
Counsel for McAdams-Norman Properties II, LLC

4

**Certificate of Service**

I hereby certify that on November 28, 2012, I electronically filed the foregoing Memorandum in Support of Motion to Quash Service of Process and Dismiss with the Clerk of the Court using the CM/ECF system which will send notification to Charles R. Allen, Jr., Esquire, 120 Church Avenue, Roanoke, Virginia 24011, counsel for the Plaintiff.

                                                  s/Robert A. Ziogas