

# COMMONWEALTH of VIRGINIA

POST OFFICE BOX 2452

*Secretary of the Commonwealth*

RICHMOND, VIRGINIA 23218-2452

## NOTICE OF SERVICE OF PROCESS

McAdams Norman Property (Properties), II, LLC, et al
c/o Thomas E. Norman, Registered Agent
1512 E. 4th Street
Charlotte, NC 28204

11/15/2012

Roseanne Dietz

vs.

McAdams Norman Property (Properties), II, LLC, et al
c/o Thomas E. Norman, Registered Agent

**Summons and Complaint**

Dear Sir/Madam:

You are being served with the enclosed notice under section 8.01-329 of the Code of Virginia which designates the Secretary of the Commonwealth as statutory for Service of Process.

If you have any questions about the matter, PLEASE contact <u>the CLERK of the enclosed/below mentioned court</u> or any attorney of your choice. <u>Our office does not accept payments on behalf of debts.</u> The Secretary of the Commonwealth's ONLY responsibility is to mail the enclosed papers to you.

COURT:

Roanoke County Circuit Court
PO Box 1126
305 East Main Street
Salem, VA 24153

Service of Process Clerk
Secretary of the Commonwealth's
Office

EXHIBIT A TO

NORMAN AFFIDAVIT

# AFFIDAVIT FOR SERVICE OF PROCESS ON THE SECRETARY OF THE COMMONWEALTH

Case No. _____

Commonwealth of Virginia     VA. CODE §§ 8.01-301, -310, -329; 55-218.1; 57-51

Roanoke County _____ Circuit Court

ROSEANNE DIETZ     v.     MCADAMS-NORMAN PROPERTY (PROPERTIES), II, LLC, et al.

TO THE PERSON PREPARING THIS AFFIDAVIT: You must comply with the appropriate requirements listed on the back of this form.

| Attachments: | ☒ Summons and Complaint | ☐ Notice |

I, the undersigned Affiant, state under oath that
☐ the above-named defendant   ☒ MCADAMS NORMAN PROPERTY (PROPERTIES), II, LLC, et al.;   c/o Thomas E. Norman, Registered Agent
whose last known address is   ☒ same as above ☐ 1512 E. 4th Street, Charlotte, NC 28204

1. ☒ is a non-resident of the Commonwealth of Virginia or a foreign corporation and Virginia Code § 8.01-328.1(A) applies (see NON-RESIDENCE GROUNDS REQUIREMENT on page 2).
2. ☐ is a person whom the party seeking service, after exercising due diligence, has been unable to locate (see DUE DILIGENCE REQUIREMENT ON BACK)

_____ is the hearing date and time on the attached process or notice.

10/25/2012
DATE

☐ PARTY  ☒ PARTY'S ATTORNEY  ☐ PARTY'S AGENT  ☐ PARTY'S REGULAR AND BONA FIDE EMPLOYEE

State of VIRGINIA     ☒ City ☐ County of ROANOKE

Acknowledged, subscribed and sworn to before me this day by Charles R. Allen, Jr.
PRINT NAME OF SIGNATORY

10/25/12
DATE

Rodelin Dapena Lewis

☐ CLERK  ☐ MAGISTRATE  ☒ NOTARY PUBLIC
Notary Registration No. 708747     My commission expires: 2/28/15

☐ Verification of the date of filing of the certificate of compliance is requested and a self-addressed stamped envelope is provided.

NOTICE TO THE RECIPIENT from the Office of the Secretary of the Commonwealth of Virginia:
You are being served with this notice and attached pleadings under Section 8.01-329 of the Code of Virginia which designates the Secretary of the Commonwealth as statutory agent for Service of Process. The Secretary of the Commonwealth's ONLY responsibility is to mail, by certified mail, return receipt requested, the enclosed papers to you. If you have any questions concerning these documents, you may wish to seek advice from a lawyer.
SERVICE OF PROCESS IS EFFECTIVE ON THE DATE THAT THE CERTIFICATE OF COMPLIANCE IS FILED WITH THE ABOVE-NAMED COURT.

## CERTIFICATE OF COMPLIANCE

I, the undersigned, Clerk in the Office of the Secretary of the Commonwealth, hereby certify the following:

1. On NOV 13 2012, legal service in the above-styled case was made upon the Secretary of the Commonwealth, as statutory agent for persons to be served in accordance with Section 8.01-329 of the Code of Virginia, as amended.

2. On NOV 13 2012, papers described in the Affidavit were forwarded by certified mail, return receipt requested, to the party designated to be served with process in the Affidavit.

_____
SERVICE OF PROCESS CLERK, DESIGNATED
BY THE AUTHORITY OF THE SECRETARY OF THE COMMONWEALTH

FORM CC-1418 (MASTER, PAGE ONE OF TWO) 05/09

RODELIN DAPENA LEWIS
NOTARY PUBLIC
Commonwealth of Virginia
Reg. #708747
My Commission Expires Feb. 28, 2015

## NON-RESIDENCE GROUNDS REQUIREMENT:

If box number 1 is checked, insert the appropriate subsection number:

A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the person's:

1. Transacting any business in this Commonwealth;

2. Contracting to supply services or things in this Commonwealth;

3. Causing tortious injury by an act or omission in this Commonwealth;

4. Causing tortious injury in this Commonwealth by an act or omission outside this Commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth;

5. Causing injury in this Commonwealth to any person by breach of warranty expressly or impliedly made in the sale of goods outside this Commonwealth when he might reasonably have expected such person to use, consume, or be affected by the goods in this Commonwealth, provided that he also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth;

6. Having an interest in, using, or possessing real property in this Commonwealth;

7. Contracting to insure any person, property, or risk located within this Commonwealth at the time of contracting; or

8(ii). Having been ordered to pay spousal support or child support pursuant to an order entered by any court of competent jurisdiction in this Commonwealth having *in personam* jurisdiction over such person.

## DUE DILIGENCE REQUIREMENT:

If box number 2 is checked, the following provision applies:

When the person to be served is a resident, the signature of an attorney, party or agent of the person seeking service on such affidavit shall constitute a certificate by him that process has been delivered to the sheriff or to a disinterested person as permitted by § 8.01-293 for execution and, if the sheriff or disinterested person was unable to execute such service, that the person seeking service has made a bona fide attempt to determine the actual place of abode or location of the person to be served.

FORM CC-1418 (w) (REVERSE) 7/98

Case 7:12-cv-00509-GEC   Document 8-2   Filed 11/28/12   Page 3 of 9   Pageid#: 199

# COMMONWEALTH OF VIRGINIA



ROANOKE COUNTY CIRCUIT COURT
Civil Division
305 EAST MAIN STREET
SALEM VA
(540) 387-6205

Summons

To: MCADAMS-NORMAN PROP., II, LLC
THOMAS E NORMAN,
REGISTERED AGENT
1512 EAST 4TH STREET
CHARLOTTE NC 28232

Case No. 161CL11001577-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Wednesday, October 24, 2012

Clerk of Court: STEVEN A. MCGRAW

by _____
(CLERK/DEPUTY CLERK)

Instructions:

Hearing Official:

Attorney's name:   ALLEN, CHARLES R; JR
120 CHURCH AVENUE, SW
ROANOKE VA 24011

VIRGINIA:

IN THE CIRCUIT COURT OF THE COUNTY OF ROANOKE

ROSEANNE DIETZ                        )
                                      )
    Plaintiff                         )
                                      )
v.                                    )    COMPLAINT
                                      )
MCADAMS-NORMAN PROPERTY, II, LLC,     )
MCADAMS NORMAN PROPERTIES,            )    CL11001577
NORCOM DEVELOPMENT, INC.              )
and                                   )
NORCOM PROPERTIES                     )
Serve:                                )
                                      )
                                      )
                                      )
    Defendants                        )

NOW COMES the plaintiff, Roseanne Dietz, by counsel, and for her Complaint against defendants McAdams-Norman Property, II, LLC, Norcom Development, Inc., McAdams Norman Properties and Norcom Properties, she states as follows.

1. At all times herein, the defendants owned, managed, operated and/or maintained the River Park Shopping Center (River Park) on Route 24 Bypass in Vinton, Roanoke County, Virginia, to include the parking lot areas for River Park.

2. At all times herein, the plaintiff was employed by Dolgencorp, LLC, which operates the Dollar General store at River Park pursuant to a lease agreement with McAdams Norman Properties and/or the other named defendants (landlord).

3. Parking for the employees of the Dollar General store was provided in that parking area that was part of the common area for River Park. The subject

lease agreement provided that the landlord was to maintain the common area to include the removal of snow and ice from the parking lot.

4. On December 29, 2009 at between 4:45 p.m. and 5:00 p.m., the plaintiff drove into the parking lot to report to work at Dollar General. There had been a significant snow storm that has covered the parking lot. The plaintiff, after exiting her car, slipped on black ice and fell, injuring her left arm and elbow. At the same time and place, while the snow had been cleared from the place where the plaintiff parked, it had not been cleared from the parking lot and was the source of the black ice causing the plaintiff's fall. The plaintiff observed the area where she fell prior to her fall and could not see the black ice.

5. Prior to the plaintiff's fall, the defendants knew, or should have known, that the plaintiff and other persons would be exiting their respective automobiles and traversing the parking lot in the common area in order to enter the commercial establishments as customers or employees.

6. The common area was uncovered and unprotected from the elements, including snow, ice and precipitation.

7. The parking lot in the common area described above was the only place for the egress and ingress for persons to enter the commercial establishments at River Park.

8. The defendants, by and through their agents and employees, had a duty to maintain the parking lots in the common areas of the River Park Shopping Center in a reasonable safe condition; to not allow any dangerous or

hazardous conditions to occur; and to eliminate and remove any dangerous conditions of which they know or show have known.

9. At the aforesaid time and place, the defendants, by and through their employees and agents, negligently and carelessly committed the following acts and omissions of negligence:

   a. the failure to take measures, within a reasonable time after the precipitation ended, to prevent the parking lot in and about the location of the plaintiff's fall from being slippery and hazardous;

   b. the failure to remove the snow and ice and/or deice the parking lot within a reasonable time after the precipitation ended in and about the location of the plaintiff's fall.

   c. the failure to take measures, prior to the subject winter storm, to prevent the parking lot location where the plaintiff fell from becoming slippery and hazardous;

   d. the breach and violations of the defendants' duties under the Lease Agreement with Dolgencorp; and

   e. where otherwise negligent and careless in the maintenance of the site of the plaintiff's fall.

10. As a direct and proximate result of the defendant's carelessness, recklessness and negligence, the plaintiff was caused to sustain serious and permanent injuries; has suffered and will continue to suffer great pain of body and mind; has sustained permanent disability and deformity; has been prevented from transacting her business; and has incurred and will incur the

future hospital, doctors and related bills in an effort to be cured of said injuries.

**WHEREFORE**, plaintiff demands judgment against the defendants McAdams-Norman Property, II, LLC, Norcom Development, Inc., McAdams Norman Properties and Norcom Properties in the sum of **TWO HUNDRED THOUSAND DOLLARS ($200,000.00)**, and her costs in this behalf expended, interest from the date of this event, and a jury trial.

Respectfully,
**ROSEANNE DIETZ**

By: _____
Of Counsel

Charles R. Allen, Jr. (VSB 13965)
*Attorney at Law*
120 Church Avenue, S.W.
Roanoke, VA 24011
540-342-173
*Counsel for the Plaintiff*

7012 1640 0001 4965 5621

McAdams Norman Property, II, LLC
c/o Thomas E. Norman, Registered Agent
1512 E. 4th Street
Charlotte, NC 28204

**CHARLES R. ALLEN, JR.**
*Attorney at Law*
120 Church Ave., S.W. • Suite 200
Roanoke, Virginia 24011