CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 2 3 2013

JULIA C. DUDLEY, CLERK
BY: /s/
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ROSEANNE DIETZ, | Case No.: 7:12-cv-00509-JCT |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| McADAMS-NORMAN PROPERTY, II, LLC, McADAMS-NORMAN PROPERTIES, NORCOM DEVELOPMENT, INC., AND NORCOM PROPERTIES, | By: James C. Turk<br>Senior United States District Judge |
| Defendants. | |

Pending before the Court are two related motions: (1) a Motion to Quash and to Dismiss, filed by McAdams-Norman Properties II, LLC, and (2) Plaintiff's Motion to Amend. The motions have been fully briefed, the Court heard oral argument on January 22, 2013, and they are now ripe for disposition. For the reasons set forth below, the motion to quash and to dismiss is **GRANTED IN PART AND DENIED IN PART**, and the motion to amend is **GRANTED**.

I.   FACTUAL AND PROCEDURAL BACKGROUND

In her Complaint, Plaintiff alleges that Defendants negligently caused the injuries Plaintiff sustained when she slipped and fell on black ice in the parking lot of the retail shopping center where she worked. According to the Complaint, the entities named as Defendants either owned or managed the property. At the hearing, defense counsel clarified that only two of the entities named in the Complaint (one of whom was improperly named) are existing entities. The first, Norcom Development, Inc., was properly named, has been served and has answered. The second is an entity whose proper name is "McAdams-Norman Properties II, LLC,"

("McAdams") but who was improperly named in the Complaint as "McAdams-Norman Property, II, LLC." The other entities named in the Complaint apparently do not exist.

The following dates are pertinent to the pending motions. First, Plaintiff's Complaint alleges she fell and was injured on December 29, 2009. The statute of limitations for bringing her negligence claim expired two years later. See Va. Code § 8.01-243(A) (limitations period for action for personal injuries is two years). On December 22, 2011, approximately one week before the limitations period expired, Plaintiff filed her Complaint in the Circuit Court for Roanoke County. The Complaint named as Defendants McAdams-Norman Property II, LLC, McAdams Norman Properties, Norcom Development, Inc. ("Norcom") and Norcom Properties.[1] Plaintiff served the one existing and properly-named defendant, Norcom, on or about October 1, 2012. As noted, Norcom does not dispute that it was properly named and served, and it removed the case to federal court on October 23, 2012, invoking this Court's diversity jurisdiction.[2]

On November 19, 2012, almost eleven months after filing suit, after the two-year statute of limitations had expired had it not been tolled by the filing of the suit, and after the case had been removed to federal court, Plaintiff attempted to serve McAdams through its registered agent, Thomas E. Norman.[3] On that date, Mr. Norman received by certified mail a package from the Secretary of the Commonwealth of Virginia that contained a Notice of Service of Process, along with a Summons issued by the state court, and a copy of the state court Complaint. The Notice of Service of Process was directed to "McAdams Norman Property (Properties), II, LLC et al. c/o Thomas E. Norman, Registered Agent." As noted, the state court Complaint named "McAdams-Norman Property, II, LLC" and "McAdams Norman Properties" as Defendants. ECF

---

[1] Norcom Properties is a trade name of Norcom Development, Inc. and not a separate legal entity. ECF No. 8 at 1.

[2] McAdams-Norman Properties II, LLC has entered a special appearance in the case, while continuing to challenge the service of process against it, consenting to the removal. ECF No. 9.

[3] Norman is the registered agent both for Norcom and for McAdams.

No. 8, Ex. 1A. The summons that was served was directed to "McAdams-Norman Prop., II, LLC." According to the affidavit of Mr. Norman, "[t]here is no entity by the name of "McAdams Norman Property (Properties) II, LLC" and he is not the Registered Agent of any such entity. ECF No. 8, Ex. 1 at ¶ 4. Additionally, the entities listed on the package, on the state court Complaint and on the Summons do not exist. Based on these errors, McAdams-Norman Properties, II, LLC ("McAdams"), has moved to quash service on it and to dismiss Plaintiff's claims against it.

Essentially, what has occurred here is that Plaintiff named the right entity, but used an improper name. Under Virginia law, this qualifies as a "misnomer." See Swann v. Marks, 476 S.E.2d 170, 172 (Va. 1996) (misnomer occurs "when the right person is incorrectly named, not where the wrong defendant is named"). That is, the Complaint should have named and served "McAdams Norman Properties II, LLC," but used instead the singular "Property." Alleging that this is a minor error at worst, Plaintiff has also filed a motion seeking leave to amend her Complaint to correct the name of McAdams to its proper name. McAdams counters that amendment should not be allowed here because it would be futile. Specifically, it argues that the amendment would not relate back to the original complaint and thus Plaintiff's claim would be barred by the applicable statute of limitations.

II. ANALYSIS

As an initial matter, it is undisputed that service upon McAdams did not include that entity's correct name and that the Complaint does not correctly name "McAdams-Norman Properties II, LLC." Thus, McAdams's motion to quash service is GRANTED. Whether or not that requires dismissal of the Plaintiff's claims against McAdams, however, is an entirely separate matter. Indeed, for the reasons discussed below, the Court concludes both that Plaintiff has additional time to serve McAdams due to the removal of the case to federal court, and that

3

Plaintiff should be allowed to amend her Complaint to correct the name, because that amendment would relate back to her original state court complaint, which was timely filed. Accordingly, contrary to McAdams's arguments, amendment would not be futile and should be allowed here.

In deciding whether any amendment would relate back, the Court must determine whether state or federal law controls the amendment and relation back issue. Notably, there is no general consensus as to whether state law or federal law should apply to the question of whether a new claim should relate back to the original complaint. See Francis M. Dougherty, Rule 15(c), Federal Rules of Civil Procedure, or State Law As Governing Relation Back of Amended Pleading, 100 A.L.R. Fed. 880 (1990 & 2011 Supp.) (collecting authority and concluding that, unlike "other areas of amendments to pleadings, in which there is little or no question but that [Rule 15] applies in cases before federal courts, the question of what law governs the relation back of amendments in federal diversity cases has not been entirely free from doubt"). Several circuits have held, understandably, that when a pleading is amended prior to removal, the relation back inquiry is governed by state law. See Pacific Employers Ins. Co. v. Sav-A-Lot of Winchester, 291 F.3d 392, 400 (6th Cir. 2002); Anderson v. Allstate Ins. Co., 630 F.2d 677 (9th Cir. 1980); see also Kirby v. Allegheny Beverage Corp., 811 F.2d 253, 257 (4th Cir. 1987) ("the [Federal Rules of Civil Procedure] do not apply to the filing or pleadings or motions prior to removal.").

Here, Plaintiff's motion to amend was filed after removal, and it is clear that the Federal Rules of Civil Procedure "apply to a civil action after it is removed from a state court." Fed. R. Civ. P. 81(c)(1). Since Plaintiff has sought leave to amend after the case was removed, the Court turns first to Fed. R. Civ. P. 15, which governs the amendment of pleadings. Rule 15(c) provides that "[a]n amendment to a pleading relates back to the date of the original pleading" under any of

4

three circumstances, two of which are potentially relevant here. The first of these two is when "the law that provides the applicable statute of limitations allows relation back." Fed. R. Civ. P. 15(c)(1)(A). Subsection (A) of Rule 15(c)(1), then, refers this Court to Virginia law, which provides the applicable statute of limitations since the cause of action arose in Virginia. See Castillo v. Emergency Med. Assocs., P.A., 372 F.3d 643, 646 (4th Cir. 2004) (applying Virginia limitations period to claim for personal injuries and noting rule that "[f]ederal courts sitting in diversity generally apply state statutes of limitations.") (citation omitted).[4]

The second circumstance and subsection of Rule 15(c)(1) that is potentially applicable is Subsection (C). This Subsection allows relation back when an

> amendment changes the party or the naming of the party against whom a claim is asserted . . . if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(C).

---

[4] McAdams posits that under Virginia law, and specifically Va. Code § 8.01-6, Virginia would not allow relation back of the correction of the misnomer here. As McAdams's counsel candidly acknowledged at oral argument, however, Virginia circuit courts are not of one accord on this issue. Indeed, the Court's own research has revealed several Virginia circuit court decisions that have allowed relation back under virtually identical circumstances to here. See, e.g., Eschbacher v. Chesterbrook Shopping Ctr., 1999 WL 95975 (Va. Cir. Ct. July 1, 1999) ("it is only when a new defendant is being substituted for the original defendant-as opposed to the correction of a misnomer-that the new defendant must have known of the action within the statute of limitation period . . ."); Claiborne v. Bernanu, 44 Va. Cir. 186, 189, 1997 WL 1070475, at *3 (Va. Cir. Ct. Dec. 10, 1997); see also Whelan v. Davco Restaurants, Inc., 38 Va. Cir. 105, 108, 1995 WL 1055947 (Va. Cir. Ct. Aug. 4, 1995) (addressing an earlier version of the statute and reaching same conclusion); cf. Bryant v. Rorer, 66 Va. Cir. 226, 2004 WL 3172370, at *3 & n.17 (Va. Cir. Ct. Nov. 19, 2004) (recognizing rule set forth in Claiborne and Whelan, but declining to apply it in case before it because "a new defendant was being substituted for the original defendant"). In any event, the Court need not decide whether these courts have properly interpreted Va. Code § 8.01-6, because, as discussed herein, the amendment relates back under a subsection (C) of Rule 15(c)(1), which is not dependent on Virginia law.

McAdams claims that this subsection (C) cannot allow relation back here because this case was filed in state court and thus "the service provisions of [Rule 4(m)] . . . never came into play." ECF No. 14 at 5. McAdams's argument, however, ignores the federal statute that governs the service of process after a case has been removed to federal court. Specifically, 28 U.S.C. § 1448 provides that, "in any case removed from state court in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court." Cf. Brazell v. Green, 1995 WL 572890, *1 (4th Cir. 1995) (unpublished) (where process served is defective in state court, Section 1448 allows an opportunity for the plaintiff to "re-serve the defendants in accordance with the Federal Rules of Civil Procedure."). Relying on Section 1448, district courts within the Fourth Circuit have held that a plaintiff is allowed to serve or perfect service against defendants within 120 days after the notice of removal has been filed in federal court, rather than the 120 days from the filing of the complaint in state court. Randolph v. Henry, 50 F. Supp. 2d 572, 579 (S.D. W. Va. 1999) (collecting authority so holding); Lawrence v. Hanson, 197 F. Supp. 2d 533, 538-39 (W.D. Va. 2002) (adopting the reasoning of Randolph and explaining why a contrary approach is improper); see also Brazell, 1995 WL 572890, at *1, supra; Patterson v. Whitlock, 392 F. App'x 185, 190-93 (4th Cir. Aug. 23, 2010) (unpublished) (implicitly recognizing that district court correctly held the 120-day period provided additional time for service after removal, by ruling on issues of whether challenges to federal service had been waived). Applying that interpretation here, Plaintiff has 120 days from the filing of the Notice of Removal on October 23, 2012—or until February 20, 2013—to complete service on McAdams-Norman Properties, II, LLC of an Amended Complaint properly naming McAdams-Norman Properties II, LLC.

Assuming Plaintiff properly serves McAdams by that date, then the amendment would relate back under Rule 15(c)(1)(C) as long as the two additional requirements are satisfied that, within the period allowed by Rule 4(m), (i) [McAdams] received notice of the action such that it will not be prejudiced in defending on the merits; and (ii) [McAdams] knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

The Court concludes that these requirements would be satisfied here, assuming Plaintiff timely and properly serves her Amended Complaint on McAdams before February 20, 2013. While it is true that McAdams did not have notice or receive service within the limitations period, that is not required under Rule 15(c)(1)(C). Nor is it required under Virginia's procedural rules. Rather, those rules allowed Plaintiff one year after the filing of the complaint to serve defendants. Here, it is undisputed that: (1) the state court complaint was timely filed; (2) McAdams had actual notice of the lawsuit, via receipt of a courtesy copy of it, sometime in the spring of 2012; (3) McAdams's registered agent received service of process which, although technically deficient because the Complaint and the summons contained a minor error in the party's name, clearly put McAdams on notice that it was the entity being sued. Moreover, Thomas E. Norman is the registered agent not only for McAdams, but also for Norcom, who was served timely and is not disputing that service was proper.

In view of all these facts, the Court concludes that no prejudice to McAdams will result from allowing the amendment to relate back and thus relation back would be permitted under Rule 15(c)(1)(C). Indeed, while Plaintiff may have taken a longer time than is typical to effect service on the non-resident defendants, the Court is concerned that dismissal of the claim under the circumstances here would be unfair and prejudicial *to Plaintiff* and that it would allow McAdams to win dismissal of claims against it based on little more than a minor typographical

7

error, a type of gamesmanship that should not be encouraged. See <u>United States v. A.H. Fischer Lumber Co.</u>, 162 F.2d 872, 873 (4th Cir. 1947) (reversing district court's grant of motion to dismiss for misnaming party and noting that "[a] suit at law is not a children's game, but a serious effort on the part of adult human beings to administer justice; and the purpose of process is to bring parties into court. If it names them in such terms that every intelligent person understands who is meant . . . , it has fulfilled its purpose; and courts should not put themselves in the position of failing to recognize what is apparent to everyone else.").[5]

Instead, the general rule in both the Fourth Circuit and Virginia is that where a party misnames a defendant, amendments to correct the name should be allowed "notwithstanding the running of the statute of limitations between the time of commencing suit an[d] the motion for amendment, provided there is no change in the cause of action originally stated. Such an amendment relates back to the institution of the original suit." See <u>id.</u> at 874 (citation omitted); <u>Jacobson v. Southern Biscuit Co.</u>, 97 S.E.2d 1, 4 (Va. 1957) ("If the right party is before the court although under a wrong name, an amendment to cure a misnomer will be allowed, notwithstanding the running of the statute of limitations, provided there is no change in the cause of action originally stated.") (citations omitted). Other courts are in accord. See, e.g., <u>Rendall-Speranza v. Nassim</u>, 107 F.3d 913, 918-19 (D.C. Cir. 1997) ("A potential defendant who has not been named in a lawsuit by the time the statute of limitations has run is entitled to repose-unless it is or should be apparent to that person that he is the beneficiary of a mere slip of the pen, as it were."); <u>Barrow v. Wethersfield Police Dep't</u>, 66 F.3d 466, 469 (2d Cir. 1995) (holding that Rule 15's commentary "implies that the rule is meant to allow an amendment changing the name of a

---

[5] As noted by McAdams, <u>A.H. Fischer Lumber</u> did not involve a limitations issue. 162 F.3d at 874 (court noting that the case at bar did not involve "an amendment which would bring the defendant into the case for the first time and might prejudice its right to rely on the statute of limitations"). The Court concludes that the admonitions in <u>A.H. Fischer Lumber</u> are nonetheless relevant here.

8

party to relate back to the original complaint only if the change is misidentification"), modified, 74 F.3d 1366 (2d Cir. 1996); see also generally Goodman v. Praxair, Inc., 494 F.3d 458, 468 (4th Cir. 2007) (en banc) (discussing the competing policies underlying Rule 15(c) and its relation back rules and noting that part of its purpose "is to provide the opportunity for a claim to be tried on its merits, rather than being dismissed on procedural technicalities, when the policy behind the statute of limitations has been addressed") (citation omitted).

Consistent with the general principles set forth above, McAdams would not be prejudiced by allowing the amendment and the relation back. Thus, the Court concludes that Rule 15(c)(1)(C) allows the amendment correcting "Property" to "Properties" in McAdams' name to relate back to the filing of the original Complaint. Given this, amendment would not be futile and the Court will grant Plaintiff leave to amend her Complaint to properly name McAdams.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Amend, ECF No. 12, is **GRANTED**, and McAdams-Norman Properties, II, LLC's Motion to Quash and to Dismiss, ECF No. 7, is **GRANTED IN PART** as to the Motion to Quash and **DENIED IN PART** as to the Motion to Dismiss. An appropriate order will issue today.

ENTER: This 23rd day of January 2013.

/s/ James C. Turk
James C. Turk
Senior United States District Judge